# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 3:18-00070-10

SILAS SOLOMAN PARDUE

## ORDER

Now pending before the Court is the Government's Motion for Revocation of Release Order, ECF No. 217. For reasons specified herein, the Government's Motion is **DENIED**.

### I. Background

Defendant was arrested in the pending case on April 17, 2018. ECF No. 37. On the same day, Magistrate Judge Cheryl Eifert held a detention hearing at which the Government did not request detention. ECF No. 58. Accordingly, Magistrate Judge Eifert ordered Defendant released on a $10,000 unsecured appearance bond subject to certain conditions of release. *Id*.

On May 9, 2018, the probation officer assigned to Defendant filed a Petition for Action on Conditions of Pretrial Release in which she reported that Defendant had violated several conditions of his pretrial release. ECF No. 130. These violations included failure to avoid contact with another defendant in the case except as prescribed by the Court, use of controlled substances, and failure to complete a program of substance abuse therapy and counseling as directed by his probation officer. *Id*. As a result of these violations, the probation officer recommended to the Court that a warrant be issued for Defendant's arrest. *Id*.

Magistrate Judge Eifert accordingly ordered the issuance of a warrant for Defendant's arrest on May 9, 2018. *Id*. Defendant was arrested pursuant to the warrant on May 10, 2018, ECF

No. 137, and Magistrate Judge Eifert held a bond revocation hearing on that date, ECF No. 145. During the hearing, Magistrate Judge Eifert directed that Defendant's bond be revoked and that the Order Setting Conditions of Release be vacated pursuant to that revocation. ECF No. 147. At the time of the revocation, Magistrate Judge Eifert granted Defendant leave to reopen the matter of his detention in the event that a substance abuse program became available. *Id.*

On June 7, 2018, Defendant filed a Motion to Reopen Detention and Grant Release Directly to Recovery Point Rehabilitation Center in which he reported that he had been accepted into Recovery Point and that a bed was available to him starting June 8, 2018. ECF No. 198. Pursuant to his acceptance, Defendant asked the Court to release him directly to Recovery Point for rehabilitation. *Id.* After hearing on June 12, 2018, Magistrate Judge Eifert granted Defendant's Motion and ordered that he be released to Recovery Point on June 13, 2018. ECF No. 209. Defendant was then released to Recovery Point on June 13, 2018.

After Defendant's release, the Government filed the present Motion for Revocation of Release Order. ECF No. 217. In its Motion, the Government asserts that Defendant's release should be revoked because Defendant "has clearly demonstrated that he is unwilling to abide by conditions of pre-trial release." ECF No. 217. The Government argues that Defendant was already given a chance at treatment and rehabilitation, which he squandered in his failure to complete the prior program, and that he should not be permitted a second chance. *Id.*

Defendant, in his response to the Government's Motion, argues that he should be given a second chance at rehabilitation. ECF No. 220. Defendant advocates for a policy that encourages criminal defendants with drug addiction problems to enter drug rehabilitation facilities, and notes that "[d]rug addicts need rehabilitation, not incarceration." *Id.*

## II. Legal Standard

In considering a party's motion to revoke a magistrate judge's pretrial release order, "the district court acts de novo and must make an independent determination of the proper pretrial detention or conditions of release." *United States v. Stewart*, 19 Fed. Appx. 46, 48 (4th Cir. 2001).

The Bail Reform Act imposes a rebuttable presumption of detention when a defendant is charged with a crime for which the Controlled Substances Act prescribes a maximum term of imprisonment of ten years or more. 18 U.S.C. § 3142(e)(3)(A) (A). In this case, Defendant is charged with violating 21 U.S.C. § 846, a controlled substance offense which carries a maximum term of imprisonment greater than ten years. This charge indicates the rebuttable presumption of detention. Where a defendant is subject to this presumption, he bears the burden of rebutting it. *United States v. Boyd*, 484 F.Supp.2d 486, 488 (E.D.Va. 2007).

## III. Discussion

For the reasons set forth herein, the Court finds that Defendant has successfully rebutted the presumption of detention and that the conditions of release presently in place "will reasonably assure the appearance of [Defendant] as required and the safety of the community . . ." 18 U.S.C. § 3142(e)(3).

As a preliminary matter, the Court notes that the Government did not initially seek detention in Defendant's case. It was not until Defendant violated the conditions of his release that he was detained awaiting trial. ECF No. 147. When he was detained, Defendant's detention was based largely on his illegal drug use during his release. *See* ECF No. 130 (noting that Defendant violated condition 7(m) requiring him to refrain from use or unlawful possession of controlled substances and condition 7(o) requiring him to participate in a program of substance abuse therapy). Defendant, who suffers from "severe addiction issues," ECF No. 220, has now been

released directly to Recovery Point Rehabilitation Center where he will be treated for his substance addiction. ECF No. 209. His release directly to an intensive substance abuse therapy program greatly decreases the risk he formerly presented – the risk that he will violate the terms of release as they relate to illegal drug use.

The Court also notes other considerations weigh in favor of Defendant's continued release. Defendant is a local resident with substantial ties to the community. ECF No. 220. He is not charged with any violent crimes and does not appear to present a threat to the community. These factors all weigh in favor of release.

Viewed holistically, Defendant's circumstances support a finding that the presently-imposed conditions of release are sufficient both to ensure his appearance at future court dates and to protect the community. Accordingly, the Court finds that Defendant has successfully rebutted the presumption of detention at this time and that his continued release is therefore proper.

### IV.     Conclusion

For the reasons stated herein, the Government's Motion for Revocation of Release Order, ECF No. 217, is **DENIED**. Defendant shall be permitted to remain released and continue his treatment at Recovery Point.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

ENTER:     July 6, 2018

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE